UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62370-CIV-WPD

DANIEL J. DOCZY,

    *Plaintiff*,

  v.

VERIFONE SYSTEMS, INC. and VERIFONE, INC.,

    *Defendants*.

**OMNIBUS ORDER CONSTRUING CLAIMS
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Defendants' Amended Motion for Summary Judgment of Non-Infringement, filed on March 14, 2017 [DE 27]. The Court has carefully considered the Motion, Plaintiff's Response [DE 34], Defendant's Reply [DE 38], the parties' statements of facts and the evidence submitted in the record, argument by counsel at the June 7, 2017 hearing, the parties *Markman*[1] briefs [DE's 52, 53] and response briefs [DE's 57, 58], the evidence submitted in the record, and is otherwise fully advised in the premises.

**I.    Background**

Plaintiff Daniel J. Doczy ("Plaintiff" or "Doczy") commenced this action on October 3, 2016. [DE 1]. Plaintiff alleges a claim against Defendants Verifone, Inc. and Verifone Systems, Inc. (collectively, "Defendants" or "Verifone") pursuant to 35 U.S.C. § 271 for infringement of U.S. Patent No. 8,077,453 ("the '453 Patent"). Plaintiff alleges that the Verifone e315 and

---

[1] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).

1

Verifone e355, which are mobile electronic devices for use by retailers and consumers for point of sale transactions and inventory tracking, infringe one or more claims of the '453 Patent, either literally and/or under the doctrine of equivalents. *See* [DE 1].

In conjunction with the instant summary judgment motion, Defendants have provided in their Statement of Undisputed Facts [DE 27-1] various factual assertions that are supported by the record. In most instances, Plaintiff has not contested Defendants' assertions. *Compare* [DE 27-1; DE 36].[2] The Court will deem any uncontested factual assertions supported by the record to be admitted. *See* S.D. Fla. L.R. 56.1(b); Fed. R. Civ. P. 56(c), (e). The undisputed material facts for purposes of the instant summary judgment motion are as follows:

U.S. Patent No. 8,077,453 ("'453 patent") describes a "peripheral device" for use with a handheld communication device such as a PDA or mobile phone. P.SOF ¶ 1; D.SOF ¶ 1. Each and every claim of the '453 requires a "sensor clip" (claims 1-19). P.SOF ¶ 2; D.SOF ¶ 2. 3. Every claim of the '453 patent requires that the sensor be "interchangeably mounted." P.SOF ¶ 3; D.SOF ¶ 3.

During prosecution, the examiner rejected the originally filed independent claims based on U.S. Patent No. 5,859,628 ("Ross"), which disclosed a housing into which a PDA is inserted. P.SOF ¶ 4; D.SOF ¶ 4. The examiner argued that Ross disclosed an input for receiving information, but in addressing original dependent claim 4, the examiner conceded that Ross was silent as to whether it disclosed an "interchangeable sensor." P.SOF ¶ 5; D.SOF ¶ 5.

---

[2] Defendants' Statement of Undisputed Facts [DE 27-1] ("D.SOF") and Plaintiff's Counterstatement of Disputed Material Facts [DE 36] ("P.SOF") include various citations to specific portions of the record. Any citations herein Defendants' Statement of Undisputed Facts [DE 27-1] and Plaintiff's Counterstatement of Disputed Material Facts [DE 36] should be construed as incorporating those citations to the record.

In responding to the September 20, 2010 Office Action, the applicant cancelled the originally filed claims and added several new claims, each requiring an "interchangeably mounted" sensor. P.SOF ¶ 6; D.SOF ¶ 6.

In a final office action dated May 12, 2011, the examiner explained that U.S. Patent No. 6,003,775 ("Ackley") discloses an interchangeably mounted sensor unit. P.SOF ¶ 7; D.SOF ¶ 7. The Examiner relied on Ackley's sensor module 50 having "a standard size and electrical connection" to allow the sensor to "be easily detached from the scanner 10 and replaced with another sensor module having different optical or performance characteristics." P.SOF ¶ 8; D.SOF ¶ 8.

In responding to the May 12, 2011 office action, the applicant amended each of the independent claims to recite the "replaceable cradle connector." P.SOF ¶ 9; D.SOF ¶ 9.

Doczy accuses Verifone's e315 and e355 products of infringing the '453 patent. P.SOF ¶ 10; D.SOF ¶ 10.

**II.   Analysis**

A. *Markman* Claim Construction

Defendants move for summary judgment of non-infringement, requesting that the Court hold that Defendants do not infringe the '453 patent as a matter of law. Before reaching the summary judgment motion, the Court will construe the various disputed "claims" within the '453 patent.

1. *Standard of Review*

In order for a Court to conduct a patent infringement analysis, it must first construe the meaning and scope of asserted patent claims. *See Markman*, 517 U.S. at 391. "It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is

entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotations and citations omitted). "The role [of claim construction] is neither to limit nor to broaden the claims, but to define, as a matter of law, the invention that has been patented." *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1352 (Fed. Cir. 2001).

This Court must "independently assess the claims, the specification, and if necessary the prosecution history, and relevant extrinsic evidence, and declare the meaning of the claims." *Exxon Chemical Patents, Inc. v. Lubrizol Corporation*, 64 F.3d 1553, 1556 (Fed. Cir. 1995).

When interpreting the words in a claim, the words "are generally given their ordinary and customary meaning." *Phillips*, 415 F.3d at 1312 (internal citation omitted). This meaning of a term is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Id.* at 1313. In straightforward cases, that meaning may be discernable with "little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314. "The best source for understanding a technical term is the specification from which it arose, informed, as needed, by the prosecution history." *Id.* at 1315. Nevertheless, "[t]he analytical focus" of claim construction "must begin and remain centered on the language of the claims themselves." *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001).

2. Discussion

Based on this Court's independent assessment of both the intrinsic and extrinsic evidence presented by the parties, the Court finds that Defendants have provided a proper claim construction as to the claim terms "interchangeably mounted sensor" and "replaceable cradle connector." As set forth below, the Court adopts Defendants' construction.

a. Interchangeably Mounted Sensor

Defendants assert that the claim term "interchangeably mounted sensor" as used in asserted independent claims of the '453 patent should be construed as a "sensor that can be removed and replaced with another sensor by a user." Plaintiff contends that the claim term "interchangeably mounted sensor" should be construed to mean a "sensor unit that is capable of being added or removed or alternately exchanged for something else in its place."

While these asserted constructions appear at first blush to be nearly identical, a more thorough analysis shows that they are quite distinct:  Defendants' proposed construction requires the sensor to be able to be swapped out with something else, whereas Plaintiff's proposed construction requires that the sensor be merely removable.  The Court finds that Defendants' construction is both consistent with the plain and ordinary meaning of the term as well as consistent with the prosecution history of the '453 patent, during which the applicant was required to amend to add the "interchangeably mounted" requirement to the independent claims to overcome prior art that used built-in sensors.

Thus, the Court concludes that an "interchangeably mounted sensor" as used in asserted independent claims of the '453 patent is a "sensor that can be removed and replaced with another sensor by a user."

b. Replaceable Cradle Connector

Defendants assert that the claim term "replaceable cradle connector" should be construed as a "port (connector) that can be exchanged or swapped out, through which data is transmitted to and from a cradle." Plaintiff contends that the claim term "replaceable cradle connector" should be construed to mean "that the area where the device connects to a cradle is capable of

being substituted for another piece" or "the part of the device that connects to a cradle can be substituted for a new piece that connects to the cradle."

The Court finds that Defendants' construction is both consistent with the plain and ordinary meaning of the term as well the description of the cradle connector throughout the patent, whereas Plaintiff's proposed construction is overly broad. Thus, the Court concludes that a "replaceable cradle connector" as used in asserted independent claims of the '453 is a "port (connector) that can be exchanged or swapped out, through which data is transmitted to and from a cradle."

B. Defendants' Motion for Summary Judgment of Non-Infringement

Having construed the claims, *supra,* the Court now turns to Defendants' motion for summary judgment of non-infringement, which seeks an order holding that Defendants do not infringe the '453 patent as a matter of law.

1. *Standard of Review*

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the

6

nonmoving party's case. *Id*. at 325.  After the movant has met its burden under Rule 56(c), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must come forward with "specific facts showing a genuine issue for trial." *Matsushita*, 475 U.S. at 587.

"A fact [or issue] is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp*., 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted).  Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).  "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252).  Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

    2. *Discussion*

In this case, applying the meaning construed by the Court to the '453 patent's claim terms "interchangeably mounted sensor" and "replaceable cradle connector" in the *Markman* analysis,

*supra*, the Court finds that it is undisputed that the accused Verifone products do not have an "interchangeably mounted sensor" and that the accused Verifone products do not have a "replaceable cradle connector."  The accused products have sensors that are built-in and integrated into the devices and cannot be removed and swapped out by the user for another sensor. *See* [DE 27-15; 27-16; 27-17].  That a consumer can purchase a device with or without a particular integrated sensor or scanner does not render the sensor "interchangeably mounted" as construed by the Court, *i.e.*, a "sensor that can be removed and replaced with another sensor by a user," nor does it create a dispute of fact as to that issue.  *Compare* D.SOF ¶¶ 11, 12; P.SOF ¶¶ 11, 12.  In addition, the accused products have connector ports for transmittal of data to and from a cradle, none of which can be exchanged or swapped out, thus they lack the "replaceable cradle connector" required by the patent claim. *Compare* D.SOF ¶ 13; P.SOF ¶ 13.

Moreover, each of these deficiencies in the accused products as compared to the '453 patent claim requirements constitutes an independent ground for the Court's entry of judgment of non-infringement.  Accordingly, Defendants are entitled to summary judgment of non-infringement of the '453 patent.

**IV.     Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Amended Motion for Summary Judgment of Non-Infringement [DE 27] is hereby **GRANTED**;

2. Pursuant to Fed. R. Civ. P. 58, a separate final judgment shall be entered.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of August, 2017.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record