UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62370-CIV-WPD

DANIEL J. DOCZY,

    *Plaintiff*,

  v.

VERIFONE SYSTEMS, INC. and VERIFONE, INC.,

    *Defendants*.

**OMNIBUS ORDER
GRANTING MOTION TO STRIKE DECLARATION;
DENYING MOTION FOR RECONSIDERATION**

THIS CAUSE is before the Court upon Plaintiff Daniel J. Doczy ("Plaintiff" or "Doczy")'s Motion to Alter or Amend the Court's Summary Final Judgment in Favor of Defendants [DE 61], filed on September 14, 2017, and Defendants Verifone, Inc. and Verifone Systems, Inc. (collectively, "Defendants" or "Verifone")'s Motion to Strike the Declaration of Dr. James Rice [DE 67], filed on September 28, 2017.  The Court has carefully considered the Motions, Responses, Replies, and is otherwise fully advised in the premises.

Plaintiff commenced this action on October 3, 2016, alleging a claim against Defendants pursuant to 35 U.S.C. § 271 for infringement of U.S. Patent No. 8,077,453 ("the '453 Patent"). *See* [DE 1].  Plaintiff alleged that the Verifone e315 and Verifone e355, which are mobile electronic devices for use by retailers and consumers for point of sale transactions and inventory

1

tracking, infringe one or more claims of the '453 Patent, either literally and/or under the doctrine of equivalents. *See* [DE 1].

Defendants moved for summary judgment of non-infringement, requesting that the Court hold that Defendants do not infringe the '453 patent as a matter of law, on the independent grounds that the accused Verifone products do not have an "interchangeably mounted sensor" and that the accused Verifone products do not have a "replaceable cradle connector." *See* [DE 27]. Following briefing of the summary judgment motion, the Court conducted a hearing on June 7, 2017, during which it heard argument by counsel.

The Court determined at the hearing that, prior to the Court ruling on Defendant's summary judgment motion of non-infringement, it would be useful for the parties to submit *Markman*[1] briefs on the proper claim construction as to the claim terms "interchangeably mounted sensor" and "replaceable cradle connector," as those claims were the basis for Defendant's summary judgment motion of non-infringement. Counsel agreed at the June 7, 2017 hearing that they would submit opening Markman briefs on or before July 7, 2017, and would submit response briefs on or before July 21, 2017. The Court stated explicitly to counsel that it would feel comfortable ruling on Defendant's summary judgment motion after it received and reviewed the Markman briefs. The parties timely submitted their Markman opening and response briefs. *See* [DE's 52, 53, 57, 58].

On August 17, 2017, the Court entered an Omnibus Order Construing Claims and Granting Defendants' Motion for Summary Judgment [DE 59] (the "Omnibus Order"), and a corresponding Final Judgment in favor of Defendants [DE 60].

In the instant Motion to Alter or Amend the Court's Summary Final Judgment in Favor of Defendants [DE 61], Plaintiff contends that the Court should reconsider and set aside the

---

[1] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).

Omnibus Order.  In support of his Motion, Plaintiff filed a Declaration of Dr. James Rice. [DE 61-1].  Defendants move the Court to strike Dr. Rice's Declaration, arguing that it is not newly discovered evidence. [DE 67].

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).  For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision. *Id.* (citing *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)).  Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d at 1369.

"A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).  The Declaration of Dr. Rice could have been presented prior to the Court's entry of its August 17, 2017 Omnibus Order.  Plaintiff knew Defendants' proposed claim construction as to the claim terms "interchangeably mounted sensor" and "replaceable cradle connector" at the latest on July 7, 2017 when Defendants filed their Opening Claim Construction Brief, *see* [DE 52], and Plaintiff should reasonably have considered that the Court might adopt Defendants' proposed construction of these claim terms when ruling on the summary judgment of non-infringement.  Plaintiff instead waited until after the Court had ruled against Plaintiff to take the proverbial second bite of the apple and ask Dr. Rice, who had previously provided a declaration in support of the constructions proposed by

Plaintiff, to provide his opinion that the accused products nonetheless infringe under Defendants' construction, which the Court had adopted.  Under these circumstances, the Court agrees with Defendants that it is appropriate to strike the Declaration of Dr. Rice submitted by Plaintiff in conjunction with his motion to reconsider.  *See, e.g.*, *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (holding that when "a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion").

In the Omnibus Order, the Court first construed the two disputed claims within the '453 patent that were the subject of the summary judgment motion.  The Court, upon considering the parties arguments, and independently assessing both the intrinsic and extrinsic evidence presented by the parties, found that Defendants provided a proper claim construction as to the claim terms "interchangeably mounted sensor" and "replaceable cradle connector" and therefore adopted Defendants' construction as to those claims.  Thus, the Court concluded that an "interchangeably mounted sensor" as used in asserted independent claims of the '453 patent is a "sensor that can be removed and replaced with another sensor by a user" and that a "replaceable cradle connector" as used in asserted independent claims of the '453 is a "port (connector) that can be exchanged or swapped out, through which data is transmitted to and from a cradle."

After construing these claims, the Omnibus Order then turned to Defendants' motion for summary judgment of non-infringement.  Applying the meaning construed by the Court to the '453 patent's claim terms "interchangeably mounted sensor" and "replaceable cradle connector" in the *Markman* analysis, and comparing the Defendants' Statement of Undisputed Facts [DE 27-1], Plaintiff's Counterstatement of Disputed Material Facts [DE 36], and evidence cited by those

corresponding statements of fact, the Court found it undisputed that the accused Verifone products do not have an "interchangeably mounted sensor" and that the accused Verifone products do not have a "replaceable cradle connector." Thus, the Court held that Defendants were entitled to summary judgment of non-infringement of the '453 patent.

Here, after striking Dr. Rice's Declaration, Plaintiff's motion for reconsideration of the Omnibus Order simply re-argues the same points that Plaintiff already presented to the Court in its original summary judgment and Markman briefs. The Court has already carefully considered and rejected Plaintiff's arguments. Accordingly, there is no basis for reconsideration of the Omnibus Order and Plaintiff's reconsideration motion is due to be denied.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows**:**

1. Defendants' Motion to Strike the Declaration of Dr. James Rice [DE 67] is **GRANTED;**

2. Plaintiff's Motion to Alter or Amend the Court's Summary Final Judgment in Favor of Defendants [DE 61] is **DENIED.**

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 23rd day of October, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record